WILLIAM WEIR, Appellant, *v.* DAVID C. STEPHENSON, Appellee.

APPEAL FROM MACOUPIN.

In an action of trespass for shooting steers, the defendant on the trial admitted the trespass, and proposed to take the steers at their value, to be found by the jury, which, having been done, he took the steers and disposed of them; this did not estop him from taking an appeal.

The original action of trespass under such an agreement, was, by consent, changed to an action of another character, and the indorsement on the summons no longer controlled the amount of the verdict and judgment.

THIS cause was heard at the May term, 1851, of Macoupin Circuit Court, WOODSON, Judge, presiding. The facts are stated in the opinion.

W. J. FERGUSON, for appellant.

J. M. PALMER, for appellee.

TRUMBULL, J. Stephenson sued Weir before a justice of the peace in an action of trespass for shooting a yoke of steers. The amount of the demand indorsed on the back of the summons was fifty dollars. The transcript of the justice shows that the case was submitted to a jury of three men, who returned a verdict, " that defendant pay fifty dollars and take the cattle, and five dollars damages and costs of suit." In the Circuit Court a motion to dismiss the appeal was overruled, a trial had, and the judgment of the justice affirmed.

The bill of exceptions shows that on the trial before the justice, Weir admitted shooting the steers, and proposed to take them at their value; that the jury, acting upon this proposition, which was assented to by Stephenson, found their value from the evidence before them to be fifty dollars, and that after the trial Weir took possession of the steers and subsequently sold them. The Circuit Court instructed the jury as follows: " That if they believe from the evidence, that the jury below, under an agreement between plaintiff and defendant, found a verdict for plaintiff, and that defendant afterwards took possession of the cattle

in controversy, and converted them to his own use, he is estopped in law from disputing the amount of such verdict in this court."

This instruction was, we think, erroneous. The agreement before the justice amounted to nothing more than this; that Weir should become the purchaser of the steers at a price to be fixed by the jury. The only question for the jury to decide under the agreement was as to the value of the steers, and in making their decision they did not act as arbitrators, but as jurors. The verdict which they returned was informal, and the parties, by consenting that the justice should enter a formal judgment thereon, did not waive their right to appeal. It did not thereby become a judgment by confession, and the Circuit Court decided correctly in refusing to dismiss the appeal. By the agreement the character of the action was entirely changed, and it became a suit for the value of the cattle, to be decided upon the evidence, like any other case. Either party, if dissatisfied with the verdict, had the right to appeal to the Circuit Court, where the case should have been heard *de novo.*

The objection, that the judgment entered both by the justice and the Circuit Court is for more than the amount indorsed on the back of the summons, is wholly untenable.

The original action of trespass was changed by consent of parties into a suit of another character, and of course the indorsement on the original summons could no longer control the amount of the verdict and judgment, as but for the agreement would have been the case according to the decision in Dowling *v.* Stewart, 3 Scam. 195.

After the character of the suit was changed, the plaintiff became entitled to recover the value of the steers, provided such value did not exceed one hundred dollars, the extent of the jurisdiction of a justice of the peace.

Judgment reversed and cause remanded.

*Judgment reversed.*